UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Steven L. Stanley,  
          Petitioner  
          v.  
Michelle Miller, Warden,  
          Respondent

Case No. 15-cv-1576

MEMORANDUM OPINION

## I. INTRODUCTION

Before me are: (1) Magistrate Judge George J. Limbert's Report and Recommendation (Doc. No. 30); (2) Respondent's objections to the R & R (Doc. No. 31); (3) Petitioner's *pro se* objections to the R & R (Doc. No. 39); (4) Respondent's response to Petitioner's *pro se* objections (Doc. No. 42); (5) Petitioner's supplemental objections to the R & R, filed with the assistance of appointed counsel (Doc. No. 55); and (6) Respondent's response to the supplemental objections. (Doc. No. 56).

During the time the R & R has been pending, Stanley has also filed the following four motions: (1) motion to amend the petition (Doc. No. 37), to which Respondent responded (Doc. No. 40); (2) motion for protective petition for stay and abeyance (Doc. No. 38), opposed by Respondent (Doc. No. 41); (3) motion for consideration for grant of protective petition (Doc. No. 43), with opposition by Respondent (Doc. No. 44) and reply by Petitioner (Doc. No. 45); and (4) motion to take judicial notice (Doc. No. 47), with opposition by Respondent (Doc. No. 48) and reply by Petitioner. (Doc. No. 49). I will address these motions along with Petitioner's and Respondent's objections to the R & R, in turn.

## II. BACKGROUND

After reviewing the state court record, I find Magistrate Judge Limbert accurately and comprehensively set forth the factual background and procedural history of this case, and I adopt those sections of the R & R, in full.[1] (Doc. No. 30 at 1-7).

Briefly, in 1996, Stanley pled guilty to two counts of kidnapping, two counts of illegal possession of firearms in liquor permit premises, and one count of having weapons while under disability. (Doc. No. 22-1 at 3-6). He was sentenced to an indeterminate term of seven to fifteen years of incarceration. *Id.* After serving 128 months, Stanley was released on parole in 2003. *Id.* at 7-12. But, because he wanted to "max out" his sentence, Stanley refused to sign the Certificate of Parole. *Id.* Almost immediately after his release, he was considered to be a parole violator-at-large when he failed to report to the halfway house, violating one of the conditions of parole. *Id.* at 18-21.

Instead of reporting to the halfway house in Ohio, Stanley moved to the state of Oregon to live with family. (Doc. No. 55 at 3). For approximately nine years, Stanley lived in Oregon without interference by the Ohio Parole Authority, who initially claimed it had no knowledge of Stanley's whereabouts but later determined that there had been communication with Stanley in 2009. (Doc. No. 22-1 at 24-25, 40). The Ohio Parole Authority did not serve Stanley with reporting instructions to report to the Akron District Office until July 2012, when he was arrested in Oregon. *Id.* But upon his release from custody in Oregon, he failed to comply with the reporting instructions and was again considered a parole violator-at-large. *Id.* at 25-26. Stanley did not return to Ohio until September 2014, after he was arrested again in Oregon in May 2014. *Id.* at 40-43. After a hearing in January 2015, his parole was revoked and he was placed in the custody of Belmont Correctional Institution. *Id.* at 40-50.

Stanley petitioned the state for a writ of habeas corpus claiming, among other things, that the Ohio Parole Authority knew of his location and unreasonably delayed executing the warrant and

---

[1] As noted below, in the "Law and Analysis" section of the R & R, the Magistrate Judge incorrectly stated that Stanley was taken "back into custody on September 27, 2012." (Doc. No. 30 at 18). But the date of return to custody was not discussed in the "Procedural History" section of the R & R. Therefore, this section may be adopted in full without need for correction.

2

extradition process. *Id.* at 78-106. He also asserted that the parole revocation hearing itself was unreasonably delayed and that his counsel at the revocation hearing was ineffective. *Id.* But the trial court granted the state's motion for summary judgment and dismissed the case. *Id.* at 228. Stanley did not file a notice of appeal.

On July 24, 2015, Stanley filed the § 2254 habeas petition currently before me. (Doc. No. 1). In the petition, he asserted the following grounds for relief:

> GROUND ONE: Due Process violation
> Supporting Facts: Eleven year delay in Ohio issuing, executing their warrant and in the extradition of petitioner which he claims was an "unreasonable delay" and violated his due process rights under Fourteenth Amendment.
>
> GROUND TWO: Unreasonable Delay (Holding Revocation Hearing)
> Supporting Facts: A parolee has certain constitutional rights before a parole can be revoked and one such right is that a "revocation hearing must be tendered within a reasonable time after a parolee is taken into custody*." Morrissey v. Brewer* (1972), 408 U.S. 471, 488, 92 S.Ct. 2593, 2603-2604, 33 L.Ed. 484, 498; (other citations omitted).
>
> GROUND THREE: (Ineffective Assistance of Counsel, Revocation)
> Supporting Facts: "Mr. Griffon, the assigned/appointed by defendant OAPA's institutional Public Defender, by refusing to carry out his client's wishes and function as an 'active advocate', cannot foreclose review of non-frivolous constitutional claims and failure to do so "must constitute 'cause and prejudice' for any resulting default." *Jones*, 103 S.Ct. At 3315, *Fay v. Noia* (1963), 372 U.S. 391, at 439, 83 S.Ct. 822, at 849; (citations omitted).

*Id.* The matter was referred to Magistrate Judge Limbert, who recommends I dismiss the petition with prejudice. (Doc. No.30).

After reviewing the record, the R & R, and Stanley's objections to the R & R, I appointed David Doughten as counsel for Stanley. (Doc. No. 50). Doughten has since filed a supplement to Stanley's objections to the R & R (Doc. No. 55), to which Respondent has responded. (Doc. No. 56). Before further analysis of this case, I note that Stanley concedes that "he cannot prevail on an independent ineffective assistance of counsel claim as a state habeas proceeding is classified by Ohio as civil proceeding." (Doc. No. 55 at 6). Therefore, only the first and second grounds for relief remain at issue.

III.   OBJECTIONS TO THE REPORT & RECOMMENDATION

3

Under the relevant statute, "[w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1); *United States v. Campbell,* 261 F.3d 628 (6th Cir. 2001). The failure to file written objections to the Magistrate Judge's Report and Recommendation constitutes a waiver of a determination by the district court of an issue covered in the report. *Thomas v. Arn*, 474 U.S. 140 (1985); *see also United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). The purpose of these written objections is "to provide the district court 'with the opportunity to consider the specific contentions of the parties and to correct any errors immediately'" while "focus[ing] attention on those issues – factual and legal – that are at the heart of the parties' dispute." *Kelly v. Withrow*, 25 F.3d 363, 365 (6th Cir. 1994) (quoting *Walters*, 638 F.2d at 950, and *Arn*, 474 U.S. at 147). A district court must conduct a *de novo* review of "any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject or modify the recommended disposition, receive further evidence, or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also Norman v. Astrue*, 694 F.Supp.2d 738, 740 (N.D. Ohio 2010).

Respondent objects to the R & R on the basis of a typographical error. (Doc. No. 31). In the analysis portion of the R & R, Magistrate Judge Limbert stated that "the State of Ohio took Petitioner back into custody on September 27, 2012." (Doc. No. 30 at 18). But, as stated by Respondent, Stanley was not taken back into custody until September 27, 2014. (Doc. No. 22-1 at 26). Because this appears to be merely a typographical error, I correct it without further analysis.

Stanley objects to the Magistrate Judge's substantive recommendations, stating, among other things, that his first and second grounds for relief should not be dismissed on procedural grounds. (Doc. Nos. 39, 55). In support, Stanley argues exhaustion of state court remedies should be excused or, alternatively, that there is cause and prejudice to excuse procedural default. *Id.*

A.  Exhaustion

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), if the State has not expressly waived the exhaustion requirement,

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1). To satisfy the exhaustion requirement, "the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *see also* 28 U.S.C. § 2254(b)(1)(A), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.").

"[T]here is a strong presumption in favor of requiring the prisoner to pursue his available state remedies." *Granberry v. Greer*, 481 U.S. 129, 131 (1987). But exhaustion may be excused if doing so would be futile, *Turner v. Bagley*, 401 F.3d 718, 724 (6th Cir. 2005), or if there has been a "miscarriage of justice" and relief is "plainly warranted." *Granberry*, 481 U.S. at 135.

Stanley does not dispute the fact that he failed to exhaust his state court remedies. The grounds for relief currently at issue were presented in Stanley's state habeas petition. (Doc. No. 22-1 at 78-106). The Belmont County Court of Common Pleas entered summary judgment in the State's favor, denied Stanley's petition, and dismissed the case. *Id.* at 228. Because state habeas proceedings are considered to be a civil action, if Stanley wished to challenge the trial court's ruling, he was required to file a notice of appeal within 30 days of the judgment entry. Ohio R. App. P. 4(A)(1). He failed to do so and, therefore, did not exhaust his available state remedies. Stanley now argues that the exhaustion requirement should be excused by the futility or *Granberry* exceptions.

1.      Futility

5

The first exception applies when "further action in state court 'would be an exercise in futility.'" *Turner*, 401 F.3d at 724 (quoting *Lucas v. People of the State of Michigan*, 420 F.2d 259, 262 (6th Cir. 1970)). In practice, the futility exception generally operates within the confines of AEDPA, excusing exhaustion when there is no state corrective process or when circumstances exist that make the available state process ineffective. *See, e.g.*, *Scott v. Houk*, 760 F.3d 497, 511, n.2 (6th Cir. 2014), *cert. denied*, *Scott v. Forshey*, 135 S.Ct. 1552 (2015) (finding exhaustion would be futile when the petitioner "could not pursue [the] claim in any state forum" as confirmed by the Supreme Court of Ohio); *Turner*, 401 F.3d at 724-27 (holding the district court should have excused exhaustions because circumstances existed that "rendered the state process ineffective or inadequate to protect his federal constitutional rights" ); *Smith v. Coleman*, 521 F. App'x 444, 450-51 (6th Cir. 2013) (holding exhaustion should not be excused under the futility exception because the state court would have heard and addressed petitioner's claim, if it was presented).

Here, Ohio provided a corrective process to review the claims now presented, an appeal from the denial of the Stanley's state post-conviction petition. Contrary to the petitioner in *Turner*, who made "'frequent but unavailing requests to have his appeal processed' in state court," Stanley made no attempt to appeal the trial court ruling. 401 F.3d at 726 (quoting *Simmons v. Reynolds*, 898 F.2d 865, 867-68 (2d Cir. 1990)); *see, e.g.*, *Ortiz v. Wolfe*, 466 F. App'x 465, 467 (6th Cir. 2012) ("The *Turner* petitioner did everything he could to comply with the state court's procedures yet the state failed to consider his claims. Ortiz, by contrast, did not file an appeal. He must at least give Ohio's courts a chance to decide an appeal before declaring it an exercise in futility."); *Freeman v. Moore*, 303 F. App'x 285, 290 (6th Cir. 2008) (refusing to apply the futility exception when the petitioner failed to timely appeal). Therefore, because there was a state corrective procedure available and no circumstances existed that made the available appellate process ineffective, the futility exception does not apply.

2.  Miscarriage of Justice

The *Granberry* exception applies in "unusual" and "exceptional" cases when "a full trial has been held in the district court and it is evident that a miscarriage of justice has occurred" that "plainly warrant[s]" relief. *Granberry*, 481 U.S. at 134-35; *see also O'Guinn v. Dutton*, 88 F.3d 1409, 1412 (6th Cir. 1996). To determine whether the exception applies, "[t]he court should determine whether the interests of comity and federalism will be better served by addressing the merits forthwith or by requiring a series of additional state and district court proceedings before reviewing the merits of the petitioner's claim." *Granberry*, 481 U.S. at 134. It will not be applied when "the case involves an important unresolved question of fact or state law or where there is an important state interest at stake." *O'Guinn*, 88 F.3d at 1412 (citing *Granberry*, 481 U.S. at 134-35).

In this case, Stanley's grounds for relief relate to the constitutionality of the State parole authority's actions. Therefore, the interests of comity and federalism weigh in favor of allowing the State corrective process to remedy any violation before federal review. Stanley does not appear to dispute this general point, but argues that because he will be released within the year and he is foreclosed from further state review, his case should be considered on the merits now. (Doc. No. 55 at 12).

But, an imminent release date has also been found to be insufficient grounds to excuse exhaustion. *See, e.g.*, *Simpson v. Hackel*, No. 2:09-cv-12752, 2009 WL 2222902, at *3 (E.D. Mich. July 20, 2009) ("The mere fact that petitioner's custodial release is imminent would neither render any delay here inordinate nor would it excuse petitioner from exhausting his state court remedies."). In addition, a petitioners' failure to timely exhaust state remedies is not "unusual," frequently resulting in procedural default. Because Stanley's case is not "exceptional" or "unusual," I find the *Granberry* exception does not apply and exhaustion is not excused. *See O'Guinn*, 88 F.3d at 1413 ("Extending *Granberry* beyond the 'exceptional' or 'unusual' case undermines the law's clear preference for having unexhausted claims decided in state court.").

B.   Procedural Default

"If a petitioner does not satisfy the procedural requirements for bringing an error to the state court's attention—whether in trial, appellate, or habeas proceedings, as state law may require—procedural default will bar federal review." *Magwood v. Patterson*, 561 U.S. 320, 340 (2010); *see also O'Sullivan*, 526 U.S. at 848; *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991). In other words, if a petitioner fails to timely exhaust his state court remedies and is now barred from doing so under state law, the claim may not be considered on federal habeas review "unless the petitioner can demonstrate cause and prejudice for the default." *Gray v. Netherland*, 518 U.S. 152, 162 (1996). Such is the case here. Because Stanley failed to timely exhaust his state court remedies, he is now barred from doing so. Therefore, the merits of his petition may be considered only if he can demonstrate both cause and prejudice.

In order to prove "cause," the petitioner must demonstrate "some objective factor external to the defense" that impeded his ability to comply with the state's procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Here, to prove cause, Stanley must demonstrate some external factor which thwarted his ability to file a notice of appeal within the 30 days allotted. *See* Ohio R. App. P. 4(A)(1).

Both Stanley's original and supplemental objections set forth factors which arguably qualify as cause. In his supplemental objections, Stanley argues that the failure of his appointed attorney to file a notice of appeal constituted cause. (Doc. No. 55 at 13). But, as stated by Respondent, Stanley did not have an appointed attorney for his post-conviction proceeding. (Doc. No. 22-1 at 78-228). Stanley's original objections allege the following factors: (1) *pro se* status; (2) inability to obtain a copy of the trial transcript; (3) limited law library access; (4) intellectual disability and pseudo-illiteracy; and (5) "medical dementia." (Doc. No. 39 at. 15-19). I will address each, in turn.

First, the Supreme Court "never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness." *Johnson v. United States*, 544 U.S. 295, 311 (2005). The Sixth Circuit has also explicitly rejected *pro se* status as

8

cause to excuse default.  *See, e.g.*, *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004); *Hannah v. Conley*, 49 F.3d 1193, 1197 (6th Cir. 1995).  Relatedly, Stanley's second alleged factor also fails because the "mistaken belief that he required a complete copy of his trial transcripts prior to filing a notice of appeal" does not qualify as cause to excuse default.  *Bonilla*, 370 F.3d at 498.  Regardless of Stanley's actual knowledge of the procedural rule, the inability to procure a trial transcript is irrelevant to Stanley's ability to timely file a notice of appeal because the record need not be filed with the notice of appeal.  *See* Ohio R. App. P. 3(D), 9(B), 10(A).

With respect to the third factor, Stanley's limited access to the library during the month of July is acknowledged.  (Doc. No. 39 at 18, Doc. No. 39-4).  But, as in the case of *Bonilla*, this factor does not establish cause because Stanley fails to demonstrate why "his limited library time prevented him from filing a timely notice of appeal."  *Bonilla*, 370 F.3d at 498.

The fourth factor is based on Stanley's alleged intellectual disability and pseudo-illiteracy. But, even if Stanley were able to prove either, the Sixth Circuit has rejected both as factors to establish cause.  *See Bonilla*, 370 F. 3d at 498 (quoting *Murray*, 477 U.S. at 488) ("'[Petitioner]'s unfamiliarity with the English language is insufficient to establish cause to excuse his procedural default because such alleged unfamiliarity is not 'external to [his] defense.'"); *Johnson v. Wilson*, 187 F. App'x 455, 458 (6th Cir. 2006) (holding "a borderline mental impairment is not cause for excusing procedural default" in the case of a petitioner with an IQ of 72).  Following the reasoning in *Bonilla* and *Johnson*, I find none of the factors discussed thus far can establish cause for default.

In his fifth argument, Stanley alleges his Hepatitis C treatments and the residual effect of a stroke have resulted in a mental deficiency, which manifested in memory loss and caused him to forget the procedural requirements. (Doc. No. 39 at 16-17).  While the Sixth Circuit has not spoken on the issue of mental illness in relation to procedural default, I do not find it necessary to perform further analysis on the underlying legal issue as the record directly contradicts the factual assertion. Contrary to his assertion that he had simply forgotten he had to appeal after receiving the trial court

9

decision, he filed an informal complaint during the time allotted to file a notice of appeal stating that the limited law library hours were "impeding and hindering [his] access to timely filing under statutory provisions such as: Availabilities of appeal." (Doc. No. 39-4 at 1). The statement made in his informal complaint indicates he was sufficiently lucid to understand the availability of appeal and the need to do so within a proscribed time period.

Therefore, I find that Stanley has not demonstrated any objective, external factor that caused him to miss the deadline to file a notice of appeal. Further, because Stanley cannot demonstrate cause, procedural default may not be excused. Stanley's remaining two grounds for relief are barred by procedural default and must be dismissed.

## IV. REMAINING OUTSTANDING MOTIONS

During the time this case has been pending before me, Stanley has filed four other motions, which I will now address. (Doc. Nos. 37, 38, 43, 47).

A.  Motion to Amend the Petition

On April 20, 2016, Stanley moved to amend his petition following a transfer to the ODRC's Frazier Medical Center at the Pickaway Correctional Institution. (Doc. No. 37). At the new facility, Stanley is under the custody and control of Warden Charles Bradley. *Id.* Therefore, he moves to substitute the respondent of the petition to reflect this change. *Id.* Since neither the Respondent nor Pickaway Correctional Institution Warden, Charles Bradley, oppose the substitution (Doc. No. 40), Stanley's motion is granted. (Doc. No. 37).

B.  Judicial Notice

Stanley moves me to take judicial notice of a writ of mandamus filed in the Supreme Court of Ohio regarding credit for jail time served. (Doc. No. 47-1). Because credit for time served is not an issue presented in Stanley's § 2254 habeas petition, the information is irrelevant to these proceedings. Therefore, the motion is denied as moot. (Doc. No. 47).

C.  Stay and Abeyance

Stanley filed two motions requesting a stay and abeyance so that he may exhaust his state court remedies if I find he has not already done so. (Doc. Nos. 38, 43). As discussed above, there is no State corrective process currently available to Stanley by which he may exhaust the two grounds for relief asserted in his § 2254 petition. Therefore, a stay would be futile, and Stanley's motions relating to the request are denied. (Doc. Nos. 38, 43).

## V. Conclusion

For the foregoing reasons, I adopt Magistrate Judge Limbert's recitation of the factual and procedural background of the case. (Doc. No. 30 at 1-7). I also concur in the Magistrate Judge's conclusion that Stanley's remaining two grounds for relief are procedurally defaulted. Therefore, I overrule Stanley's objections and dismiss his § 2254 petition. Additionally, as discussed above, Stanley's motion to amend the petition to substitute parties is granted. (Doc. No. 37). His remaining three motions related to judicial notice and stay and abeyance are denied. (Doc. Nos. 38, 43, 47). Further, I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

So Ordered.

s/ Jeffrey J. Helmick  
United States District Judge